HENRY W. MOREHOUSE et al.

*v.*

FRANK KISSAM et al.

[Argued May 18th, 1899. Decided June 30th, 1899. Filed July 8th, 1899.]

Several judgment creditors of a common debtor may join in a bill to set aside a fraudulent transfer made by their debtor.

On demurrer.

*Mr. Joseph A. Beecher,* for the complainants.

*Mr. Frank E. Bradner,* for the defendants.

STEVENS, V. C.

The bill is filed by judgment creditors of the defendant Frank Kissam to set aside as fraudulent a transfer of a stock of goods made by him to his brother and to subject it to the lien of their executions. The judgments are six in number. Two of the executions issuing thereon have been returned unsatisfied. Under

the other four, levies have been made upon the property alleged to have been fraudulently transferred. It is charged that the judgment debtor has no other property than that levied upon.

The complainants say that they file their bill on behalf of themselves and such other creditors as may come in and contribute to the expenses of the suit. In a case like the present these words are, as Vice-Chancellor Pitney has shown in *Iauch* v. *de Socarras, 11 Dick. Ch. Rep. 525*, without significance. I shall treat the bill as one filed for the benefit of complainants only.

To this bill Daniel Kissam, the alleged fraudulent transferee, has interposed a demurrer on the ground of misjoinder of complainants. There are other causes of demurrer assigned, but they were not seriously insisted upon and have no substance.

In the case of *Lore* v. *Getsinger, 3 Hal. Ch. 191, 205*, it was decided by Chancellor Halsted that judgment creditors might, in the case of a bill like the present, join as complainants. The authority of this case is questioned on the ground that it appears to have been reversed on appeal. *Lore* v. *Getsinger, 3 Hal. Ch. 639*. The reporter says that he is unable to state on what point or points the court of appeals differed from the chancellor. The recitals of the decree made in that court show, however, that the decree of the chancellor was reversed on the merits. The opinion of the chancellor, therefore, on the point under consideration, is not challenged.

The chancellor cites, as authority for his decision in that case, *Bailey* v. *Burton, 8 Wend. 347*, which, in turn, rests upon *Brinkerhoff* v. *Brown, 6 Johns. Ch. 139*, in which Chancellor Kent uses the following language: "The plaintiffs are judgment creditors at law, seeking the aid of this court to render their judgments and executions available against certain fraudulent acts equally affecting all of them. The question is whether judgment creditors whose rights are established and their liens fixed at law may not unite in a bill to remove impediments to the remedy created by the fraud of the opposite party. It is an ordinary case in this court for creditors to unite, or for one or more, on behalf of themselves and the rest, to sue the repre-

sentative of their debtor, in possession of the assets, and to seek an account of the estate. This is done to prevent multiplicity of suits—a very favorite object with this court; and this principle so far controls the other rule, which preserves in some degree an analogy between pleadings in chancery and the simplicity of declarations at common law. There is no sound reason for requiring the judgment creditors to separate in their suits when they have one common object in view, which, in fact, governs the whole case. There is no particular matter in litigation peculiar to each plaintiff; and if they were obliged to sue separately it may be pertinently asked, *Cui bono?* Their rights are already established, and the subject in dispute may be said to be joint as between the plaintiffs on the one hand and the defendants on the other, charged with a combination to delay, hinder and defraud their creditors. If each judgment creditor was to be obliged to file his separate bill it would be bringing the same question of fraud into repeated discussion, which would exhaust the fund and be productive of all the mischief and oppression attending a multiplicity of suits. It appears to me, therefore, that the judgment creditors, in cases of fraud in the original debtor, have a right to unite in one bill to detect and suppress that fraud and to have the debtor's fund distributed according to the priority of their respective liens, or ratably, as the case may be, equally as well as they may now, in ordinary practice, unite in one bill against the legal representatives of the debtor."

Chancellor Kent then goes on to show that this conclusion is not contrary to the decided cases. It is based on such solid ground that unless there is something in our own cases or practice opposed to it, it cannot be rejected.

As to the cases since *Lore* v. *Getsinger*, so far as they go, they rather countenance than condemn the practice. Thus, in *Annin* v. *Annin, 9 C. E. Gr. 184,* and *Thompson* v. *Fisler, 6 Stew. Eq. 480,* it is at least indirectly approved by Chancellor Runyon. In the first case, he held that the objection, if it was an objection, could not be taken advantage of at the hearing. In the other, where the bill had been filed by one judgment creditor, and

another, at first brought in as a defendant, had been made a co-complainant during the progress of the suit, he gave the control of that suit to such co-complainant.

The case of *Whitney* v. *Robbins, 2 C. E. Gr. 360*, was likewise instituted by complainants having separate judgments and no criticism was made upon it on that account. It is true that it presented the case of a creditor's bill under the Chancery act (sections 88, 94), but so far as the point here involved is concerned, the situation is the same in the one class of cases as in the other. Under that statute, as I understand it, creditors are not entitled to share in the fruits of the litigation unless they be parties. Chancellor Zabriskie says explicitly: "The suit in this case is rightly brought by the complainants for themselves alone, and not for themselves and such other creditors as may join therein. The relief given is for the creditor who pursues the statute. No others, either creditors at large or judgment creditors, are entitled to share with him the benefit of the proceeding until he is satisfied."

I now come to the case of *Iauch* v. *de Socarras, 11 Dick. Ch. Rep. 525*. That was the case of a bill filed by a judgment creditor for himself alone. More than a year after the suit had been commenced, M. and B. were, on their own application, without notice, admitted as parties complainant and the motion was to vacate the order admitting them. This motion was granted on the obvious ground that the defendants were first apprised of the presence of the new complainants at the hearing, and that it was their right to be brought into court as to those complainants in the regular way by bill or subpœna, so that they might, if they desired, make answer with respect to the new claim. The vice-chancellor is careful to state that the question thus presented was quite different from that which would have arisen if the complainant and petitioners had originally joined in one bill.

So far, therefore, as authority and practice go, they have been in accordance with *Lore* v. *Getsinger.*

It will hardly be urged that the trend of legislation or of the rules of court based thereon is opposed to the course of practice

adopted by the complainant in this case. In the law courts (section 289 of the Practice act) power is given to the court to consolidate actions between the same plaintiff and defendant where the same or similar matters of controversy are involved. Rules 15 and 94 of the supreme court, relating to the style of actions, permit causes of action to be joined that could not have been joined before; and rule 132 of the rules of the court of chancery provides that any number of persons severally owning or possessing distinct tenements injuriously affected by a common nuisance may join in a bill for injunction and relief.

In *Iauch* v. *de Socarras*, Vice-Chancellor Pitney refers to the case of a voluntary conveyance, fraudulent as to existing creditors, though good, it may be, as to subsequent creditors. Whether a bill attacking such a conveyance would be sustained where these two classes of creditors were joined as parties complainant, it is not necessary to decide. No such question is presented by the present case. The fraud here alleged consists of a single fraudulent act, which it was intended should operate alike and which did in fact operate alike upon all the complainants.

I think the demurrer should be overruled.